UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFEREY J. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 1:16-cv-00252-VEH-JHE |
| ) | |
| WARDEN THOMAS, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM OPINION**

The magistrate judge entered a Report and Recommendation on May 5, 2017, recommending that this petition for writ of habeas corpus be dismissed based on the statute of limitations. (Doc. 26). On May 19, 2017, the court received written objections from the petitioner. (Doc. 27).

The petitioner makes two objections to the report and recommendation. First, the petitioner contends the magistrate judge should not have recommended dismissal of his mental competency claim because he informed this Court that he was electing to bring that claim in state court. (*Id.* at 1). The magistrate judge acknowledged the petitioner's filing indicates he wishes to assert his competency claim in state court. Whether this claim is addressed in state court or here has no impact on the statute of limitations analysis. Finding the petition barred by the statute

of limitations, the magistrate judge correctly did not address the merits of the petitioner's claims. This objection is **OVERRULED**.

The petitioner next objects to the magistrate judge's finding that the petitioner did not attempt to obtain a copy of his colloquy transcript until 2007, arguing he requested a copy in 1999, but it was confiscated, and therefore he has been diligently pursuing his claim. (Doc. 27 at 1-2). It is unclear from the record whether the petitioner is alleging prisoner personnel confiscated the transcript in 1999, when it was received, or in 2016, when he filed the motion about not receiving a copy of the supplemental answer. Assuming the petitioner requested a copy of his colloquy transcript in 1999, there are no allegations or evidence he was pursing his claims until 2007. Accordingly, because the petitioner cannot show he was pursuing his rights diligently, he cannot argue that some extraordinary circumstance stood in his way (*i.e.*, the state-created impediment) and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This objection is **OVERRULED**.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and

recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this the 22nd day of May, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge